**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-6529**

THADDEUS MAGWOOD,

       Plaintiff - Appellant,

    v.

KRISTINA ROBINSON, Assistant Commonwealth Attorney; MARK THOMAS CROSSLAND, Attorney at law,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:19-cv-00369-AJT-MSN)

Submitted:  September 25, 2019           Decided:  November 13, 2019

Before THACKER and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thaddeus Magwood, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thaddeus Magwood appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint without prejudice. "[E]ven in the absence of a jurisdictional challenge from one of the parties," this court "ha[s] an independent obligation to verify the existence of appellate jurisdiction." *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (internal quotation marks omitted). This court may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).

An order dismissing a complaint without prejudice is not an appealable final order if "the plaintiff could save his action by merely amending his complaint." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993). "[I]f the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact and therefore appealable." *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015) (internal quotation marks omitted). In *Goode*, we explicitly held that a "dismiss[al] for failure to plead sufficient facts in the complaint" is an interlocutory order because "the plaintiff could amend the complaint to cure the pleading deficiency." *Id*. at 624. We contrasted that circumstance from "cases in which the district court granted a motion to dismiss on procedural grounds that no amendment to the pleadings could cure," such as dismissals based on a failure to exhaust or because the claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that plaintiff may not recover damages under § 1983 for

2

alleged constitutional violations that would necessarily imply invalidity of conviction or sentence unless plaintiff demonstrated that conviction or sentence was set aside or invalidated), which we deemed to be final, appealable orders. *Goode*, 807 F.3d at 624; *see also Martin v. Duffy*, 858 F.3d 239, 246-48 (4th Cir. 2017) (holding district court's dismissal of complaint without prejudice was final, appealable order because order "clearly precluded amendment" by dismissing claim as foreclosed by law).

The district court dismissed without prejudice Magwood's § 1983 complaint because Magwood attacked the fact or duration of his confinement and, thus, must seek an appropriate remedy by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2012). The court further found that granting Magwood relief would immediately call into question his continuing confinement. The court relied on *Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005), in which the Supreme Court clarified that *Heck* bars § 1983 actions "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Because the district court's dismissal rests on procedural grounds that no amendment to the pleadings can cure, we conclude that the court's order is final and appealable under *Goode*, 807 F.3d at 624.[*]

---

[*] Although Magwood may be able to state a cognizable § 1983 claim if he first succeeds in overturning his conviction in a habeas proceeding, at this juncture he cannot plead facts that satisfy *Heck*'s favorable termination requirement. Because the cognizability of Magwood's § 1983 claims hinges on future action that may or may not ever take place, Magwood's complaint cannot be saved by mere amendment.

3

Turning to the merits, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Magwood v. Robinson*, No. 1:19-cv-00369-AJT-MSN (E.D. Va. Apr. 4, 2019). We deny Magwood's motions for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*